FROST ROSE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—693.]

**Criminal Law—Joinder of Causes.**

Criminal Code, § 263, subsec. 2, permits the joinder of causes in different counts where they all embrace injuries to the person; and in such a case the commonwealth can not be required to elect upon which count it will prosecute.

**Waiver of Objection.**

When no objection is made at the trial because no order was made showing that the special judge was elected as provided by the statute or that the verdict was returned after the time had expired in which the court shall be held, the right to object is waived, and can not be made for the first time on the motion for a new trial.

APPEAL FROM BOURBON CIRCUIT COURT.

March 25, 1882.

OPINION BY JUDGE HINES:

The indictment in this case is good. It does not improperly join separate offenses, and there was no error in refusing to require the commonwealth to elect. The several counts all embrace injuries to the person, and the joinder is authorized by Crim. Code (1876), § 263, subsec. 2.

The objection that there is no order showing that the special judge who tried the case was elected for that purpose in the manner provided by the statute [Gen. Stat. (1881), Ch. 28, Art. 7], and the objection that the verdict was returned after the time had expired in which the statute provides the court shall be held [Gen. Stat. (1881), Ch. 28, Art. 5, § 3], can not be considered because there was no exception or objection on the part of appellant, and his complaint first appears on the motion for a new trial.

The instructions are substantially correct. They could not have misled the jury to the prejudice of the appellant.

Judgment *affirmed*.

*G. C. Lockhart, for appellant.*

*P. W. Hardin, for appellee.*